UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DWANE BROWN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 13-cv-13211-IT |
| DAVID LANOIE, Superintendent of | * | |
| Franklin County House of Corrections, and | * | |
| CHRISTOPHER DONELAN, Sheriff of | * | |
| Franklin County, | * | |
| | * | |
| Respondents. | * | |

ORDER

January 15, 2015

TALWANI, D.J.

In this case, Petitioner filed a petition for a writ of habeas corpus seeking an order requiring Respondents to provide him with an individualized bond hearing. On August 4, 2014, the court issued a Memorandum and Order denying Respondents' motion to dismiss and holding that the source of authority for Petitioner's detention was 8 U.S.C. § 1226, not § 1231, because the removal period governed by § 1231(b) had not yet begun. Mem. & Order 4-7 [#27]. The court found further that Petitioner was entitled to a bond hearing in accordance with Judge Michael Ponser's orders in Reid v. Donelan, No. 13-cv-30125-MAP, and Gordon v. Johnson, No. 13-cv-30146-MAP. Mem. & Order 7 [#27].

On August 29, 2014, Respondents filed a Rule 59(e) Motion to Alter or Amend the Judgment [#30], requesting that this court modify its August 4, 2014, Memorandum and Order by (1) eliminating references to Respondents' concession that Petitioner is part of the Reid class, (2) noting that Respondent did not intend to concede the issue, and (3) explaining that even though Petitioner has received a bond hearing, he is not part of the Reid class. Because

judgment has not yet entered, the court DENIES the Federal Rule of Civil Procedure Rule 59(e) motion, but corrects its order pursuant to Rule 60(a).

In the August 4, 2014, Memorandum and Order, the court determined, over Respondents' objections, that the statutory basis for Petitioner's detention at the time of the hearing was § 1226, not § 1231. Based on that determination and its own reading of the plain language of the class definition, the court concluded that Petitioner was a member of the Reid class.

The court's decision was not dependent on Respondents' counsel's response to the question at the hearing as to whether Petitioner would be a member of the Reid class if the court held that Petitioner was being detained pursuant to § 1226(c). Had counsel's answer been that in Respondents' view "the Reid class does not comprise aliens . . . who are subject to an administratively final removal order," Rule 59(e) Mot. Alter Amend J., 2, as urged in the motion now before the court, the outcome would have been the same. Because the court would have reached the same decision without counsel's response at the hearing, reference to that response is appropriately deleted from the order.

For the foregoing reasons, Respondents' Rule 59(e) Motion to Alter or Amend the Judgment [#30] is DENIED. Pursuant to Rule 60, the court shall correct its order to make clear that its decision does not rest on any concession by Respondents' counsel.

IT IS SO ORDERED.

Date: January 15, 2015 /s/ Indira Talwani  
United States District Judge